IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RYAN HULBERT and KATHRYN HULBERT,　　　　Plaintiffs and Counter-defendants,　vs.　BRANDON KWASNIK,　　　　Defendant and Counterclaimant. | CV 25–13–BU–DLC　　ORDER |

Before the Court is Plaintiffs and Counter-defendants Ryan and Kathryn Hulbert's motion to remand. (Doc. 7.) Defendant and Counterclaimant Brandon Kwasnik opposes the motion. (Doc. 12.) For the reasons herein, the motion is GRANTED.

## BACKGROUND

The Hulberts—who are citizens of Vermont—originally filed this action against Kwasnik—who is a citizen of Montana—in Montana's Eighteenth Judicial District Court in Gallatin County, Montana. (*See* Doc. 1.) Hulberts' Complaint included six claims, all arising under Montana state law. After the Hulberts filed the Complaint but before the Hulberts served Kwasnik with the Complaint, Kwasnik removed the case to this Court based on diversity jurisdiction. (Doc. 1.)

- 1 -

On February 21, 2025, the Hulberts filed the present motion to remand. (Doc. 7.) The motion is now ripe for ruling.

## LEGAL STANDARD

A defendant in state court may remove an action to federal court when it could have been filed in federal court originally. 28 U.S.C. § 1441(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). Removal may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(b). The removing-party bears the burden to show that removal was appropriate. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. If a district court determines that removal was not appropriate, "'it is divested of jurisdiction and can take no further action on the case.'" *Wells Fargo Bank, N.A. v. Zimmerman*, 2015 WL 9093465, at *3 (C.D. Cal. Dec. 16, 2015) (quoting *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)).

## DISCUSSION

The forum defendant rule provides: "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2).

Kwasnik contends that his removal was proper and § 1441(b)(2) does not apply here because no forum defendant had been "properly joined and served" at the time the notice was filed. (Doc. 12 at 2–3.) Courts describe this tactic as "snap removal." *Hudgens v. Hussey Plumbing of Big Sky, Inc.*, 2021 WL 1311089, at *1 (D. Mont. Apr. 8, 2021).

The Ninth Circuit has not determined whether § 1441(b)(2) permits snap removals. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) (explaining that "the final chapter on snap removals in the Ninth Circuit remains to be written"). However, this District has rejected the practice. *See Hudgens*, 2021 WL 1311089, at *2 (explaining that permitting snap removal "would turn state court complaints, in effect, into starter pistols, where upon filing, defendants race to remove a case before plaintiffs serve process"); *see also Talbot v. Tokarski*, 2014 WL 5437035 (D. Mont. Oct. 24, 2014) ("[A]llowing the forum defendant to avoid the forum defendant rule by racing to remove the case before being served would frustrate the purpose of the overall statutory scheme. There is no need for protection from local bias when the sole defendant is a forum defendant"). The Court agrees with Chief Judge Brian M. Morris and Judge Susan P. Watters that allowing snap removal would undermine the policy that supports the forum defendant rule. Thus, this action must be remanded.

Accordingly, IT IS ORDERED that the motion (Doc. 7) is GRANTED. The above-captioned matter is REMANDED to the Eighteenth Judicial District Court of Montana, Gallatin County.

DATED this 30th day of April, 2025.

_____
Dana L. Christensen, District Judge
United States District Court